UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LONNIE J. KAHOE, SR.                                                        CIVIL ACTION

VERSUS                                                                             NO. 22-3111

CHRISTOPHER LABORDE, ET AL.                                  SECTION "R" (1)

## ORDER AND REASONS

Petitioner Lonnie Kahoe, Sr., a pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983 against Christopher Laborde, Brandon Williams, Mario Cole, and Craig Famularo for their actions which led to his arrest and ongoing criminal prosecution in state court.[1] On February 28, 2023, Magistrate Judge Janis van Meerveld held a *Spears* hearing to give petitioner the opportunity to clarify the factual bases underlying his claims.[2] In that hearing, petitioner clarified that the only claims he is asserting in this lawsuit concern the defendants' actions related to his allegedly false arrest and his prosecution in Case No. 548-040, which is currently pending in the Orleans Parish Criminal District Court.[3] He further explained that his claims are premised on defendants' alleged failure to properly investigate the underlying criminal case, falsifying police reports, ignoring evidence,

---

[1]   R. Doc. 4.
[2]   R. Doc. 27 at 1.
[3]   *Id.* at 2.

manufacturing evidence, and manipulating evidence in order to secure a wrongful conviction.[4] He further explained in the hearing that he is currently awaiting trial in Case No. 548-040 on charges of second degree rape and aggravated burglary.[5]

On March 2, 2023, Magistrate Judge van Meerveld issued a Report and Recommendation (the "R&R"), in which she recommended that this Court stay and administratively close this action on the grounds that petitioner's claims concern his pending criminal prosecution and involve issues likely to be raised in that prosecution.[6] *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted . . ., it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, *Heck v. Humphrey*, 512 U.S. 477 (1994), will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."). Magistrate Judge van Meerveld also clarified in the R&R that although the Clerk of Court listed the New Orleans Police Department as a defendant on the docket sheet, that was an error based on the misreading of

---

[4]     *Id.*
[5]     *Id.*
[6]     *Id.* at 3.

2

the complaint.[7] She further explained that the New Orleans Police is not an entity capable of being sued.[8]

Petitioner timely filed an objection to the R&R.[9] In his objection, petitioner did not object to Magistrate Judge van Meerveld's recommendation that this Court stay and administratively close this matter pending resolution of Case No. 548-040. Rather, he objects to her conclusion that the New Orleans Police Department is not a suable entity.

The Court has reviewed *de novo* the record, the applicable law, and petitioner's objection. For the following reasons, the Court hereby overrules petitioner's objection and adopts the R&R as its opinion.

## I. DISCUSSION

The Court applies *de novo* review to the parts of the R&R to which petitioner objected. Fed. R. Civ. P. 72(b)(3). The Court is limited to clear-error review of any part of the R&R not subject to a proper objection. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).

As to Magistrate Judge van Meerveld's conclusion that the New Orleans Police Department is not a suable entity—the only portion of the

---

[7] *Id.* at 1 n.1.
[8] *Id.*
[9] R. Doc. 28.

3

R&R to which petitioner objects—the Court overrules petitioner's objection. Petitioner contends that defendants were employed by the New Orleans Police Department, and that the police department should be held liable for the actions of its employees.[10] But petitioner does not contend that he actually named the New Orleans Police Department as a defendant in his complaint, and a review of the operative version of his complaint confirms that he did not do so.[11]

Further, it is well settled that "[t]he New Orleans Police Department simply is not a legal entity capable of being sued." *Idel v. New Orleans Police Department*, No. 11-1078, 2012 WL 860380, at *2 (E.D. La. Mar. 13, 2013) (collecting cases); *see also Manley v. State of Louisiana*, No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001) ("The Court dismisses plaintiff's claims against the New Orleans Police Department because it is simply a department of the City government and is not amenable to suit."). In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the New Orleans Police Department is a suable entity. Under Louisiana law, an entity must qualify as a "juridical person" to be

---

[10] *Id.* at 3-4.

[11] R. Doc. 4. The operative version of the complaint lists four defendants: Christopher Laborde, Brandon Williams, Mario Cole, and Craig Famularo, all of whom were employed by the New Orleans Police Department.

4

sued. *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007). The Louisiana Civil Code defines a "juridical person" as "an entity to which the law attributes personality, such as a corporation or partnership." *Id.* (citing La. Civ. Code art. 24). Louisiana "grants no such legal status to any law enforcement office or department." *Id.* Accordingly, to the extent petitioner attempts to bring claims against the New Orleans Police Department, such claims are dismissed with prejudice.

Because petitioner did not object to Magistrate Judge van Meerveld's conclusion that this Court should stay and administratively close this action pending resolution of Case No. 548-040, the Court reviews it for clear error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc)*, superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)*; see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error.

## II.  CONCLUSION

Having overruled petitioner's objection to the R&R, the Court hereby adopts the R&R as its opinion. Petitioner's claims against the New Orleans

5

Police Department are dismissed with prejudice. This action is **STAYED AND ADMINISTRATIVELY CLOSED**. This Court shall retain jurisdiction over the matter, and petitioner may move to lift the stay imposed by this Order once his criminal proceedings have concluded.

New Orleans, Louisiana, this \_\_20th\_\_ day of March, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE